UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO.______________________**

COACH, INC. a Maryland corporation, and COACH SERVICES, INC., a Maryland corporation,

Plaintiffs,

v.

CHUNG MEI WHOLESALE, INC., a Florida Corporation, H&F USA LLC, a Florida Limited Liability Company, ZHI HUA YE, LIAN XIAO FU, and SHENG BIAO HUANG,

Defendants.
____________________________________/

**COMPLAINT FOR DAMAGES**
**INJUNCTIVE RELIEF AND REQUEST FOR JURY TRIAL**

Plaintiffs Coach, Inc. and Coach Services, Inc. (collectively, "Coach"), hereby file this Complaint against Defendants Chung Mei Wholesale, Inc., H&F USA LLC, Zhi Hua Ye, Lian Xiao Fu and Sheng Biao Huang (collectively, "Defendants") requesting damages and injunctive relief, and allege as follows:

**Nature of the Action**

This is an action for trademark and trade dress infringement, false designation of origin and false advertising and trademark dilution under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, 1125(a), (c), and (d)); trademark dilution pursuant to Fla. Stat. § 495.15; deceptive and unfair trade practices pursuant to Fla. Stat. § 501.201; and trademark infringement, unfair competition and unjust enrichment pursuant to the common law of the State of Florida.

## Jurisdiction and Venue

1. Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and § 1338(a) (actions arising under an Act of Congress relating to trademarks). This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

2. This Court has personal jurisdiction over the Defendants because they do business and/or reside in the State of Florida.

3. Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400 (b) because Defendants reside in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

## Parties

4. Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York.

5. Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in Jacksonville, Florida.

6. Upon information and belief, Defendant Chung Mei Wholesale, Inc., is a domestic entity operating a business under the assumed name of Chung Mei Wholesale at 4980 NW 165 Street, Unit A-18, Hialeah, Florida 33014, and also has its principal place of business in the State of Florida.

7. Upon information and belief, Defendant H&F USA LLC, is a domestic entity operating a business under the assumed name of Chung Mei Wholesale at 4980 NW 165 Street,

Unit A-17, Hialeah, Florida 33014, and also has its principal place of business in the State of Florida.

8. Upon information and belief, Defendant Zhi Hua Ye is an individual residing in Miami, Miami-Dade County, Florida.

9. Upon information and belief, Defendant Lian Xiao Fu is an individual residing in North Miami Beach, Miami-Dade County, Florida.

10. Upon information and belief, Defendant Sheng Biao Huang is an individual residing in Miramar, Broward County, Florida.

11. Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.

12. Plaintiffs further allege that Defendants have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants failed and/or refused to perform.

13. Upon information and belief, Defendants Zhi Hua Ye, Lian Xiao Fu and Sheng Biao Huang are individuals who are and have been doing business in their individual capacity and as the owners and/or operators of or in concert with, inter alia, Chung Mei Wholesale, and are individually liable for the infringing activities described herein.

14. At all relevant times Defendants Zhi Hua Ye, Lian Xiao Fu and Sheng Biao Huang personally participated in and/or had the ability and right to supervise, direct, and control the infringing activities occurring at Chung Mei Wholesale and alleged in this Complaint.

15. Upon information and belief, Defendants Zhi Hua Ye, Lian Xiao Fu and Sheng Biao Huang derived direct financial benefits from the infringing activities alleged herein. As a result, Defendants Zhi Hua Ye, Lian Xiao Fu and Sheng Biao Huang are liable to Coach for the infringing activities alleged herein and that were occurring at Chung Mei Wholesale.

**The World Famous Coach Brand and Products**

16. Coach was founded more than seventy (70) years ago as a family-run workshop in Manhattan. Since then Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, and accessories including eyewear, footwear, jewelry and watches. Coach sells its goods through its own specialty retail stores, department stores, catalogs and via an Internet website www.coach.com throughout the United States, including Florida.

17. Coach has used a variety of legally-protected trademarks and trade dresses for many years on and in connection with the advertisement and sale of its products, including, but not limited to those detailed in paragraphs 19-25 of this Complaint (collectively, the "Coach Marks").

18. Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Marks. As a result, products bearing the Coach Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Coach, and have acquired strong secondary meaning. Coach products have also become among the most popular in the world, with Coach's annual global sales reaching nearly five billion dollars ($5,000,000,000). Coach continues to invest substantial sums in promoting its products and services offered under the Coach Marks.

**The Coach Trademarks**

19. Coach is the owner of the following United States Federal Trademark Registrations (the "Coach Trademarks"):

| **Registration No.** | **Mark** | **Classes** | **Date of Registration** | **Image** |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, cellular phone cases satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | August 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 14 for Leather Goods, namely, Utility Kits, Portfolios, Key Cases, Comb Cases, Pass Cases, Money Clips, Billfolds, Wallets, Pocket Secretaries, Stud Cases, Jewel Cases, and Leather Book Covers. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for eyeglasses. | May 15, 2001 | COACH |
| 4,105,689 | COACH | 9 for sunglasses. | February 25, 2012 | COACH |
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | COACH |

| **Registration No.** | **Mark** | **Classes** | **Date of Registration** | **Image** |
|---|---|---|---|---|
| 2,231,001 | COACH | 25 for *inter alia* clothing for men, women and children namely, coats, jackets, overcoats, raincoats, shirts, vest, scarves, shoes and belts. | March 9, 1999 | COACH |
| 2,939,127 | COACH | 9 for *inter alia* camera cases. | April 12, 2005 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags and men's and women's belts. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 4,168,626 | COACH NEW YORK | 18, 25 for briefcases, satchels, tote bags, duffle bags, key cases, coin cases, wallets, hats, caps, gloves, coats, jackets, vests, shirts, overcoats, raincoats, scarves, ties, shoes and belts. | July 3, 2012 | COACH NEW YORK |
| 4,296,584 | COACH NEW YORK | 9, 16 for cases for eyeglasses and sunglasses, sunglasses and spectacles, calendars and diaries | February 26, 2013 | COACH NEW YORK |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14 for jewelry | April 15, 2008 | Coach est. 1941 |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |

| **Registration No.** | **Mark** | **Classes** | **Date of Registration** | **Image** |
|---|---|---|---|---|
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 for retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* watches. | November 9, 1999 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women, namely, coats, jackets, scarves, shoes, and belts. | June 30, 1998 | COACH |
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, computer cases, briefcases, satchels, duffel bags, hats, caps and gloves. | March 18, 1997 | COACH |
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women's handbags and men's and women's belts. | August 9, 1977 | COACH |
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods, namely, wallets, handbags and shoulder bags. | December 19, 1984 | COACH |
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 | COACH |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24, 25 for *inter alia* handbags, leather goods, fabrics, swimwear, hats and shoes. | August 9, 2005 | |

| **Registration No.** | **Mark** | **Classes** | **Date of Registration** | **Image** |
|---|---|---|---|---|
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 |  |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 |  |
| 2,832,589 | CC & DESIGN (Signature C) | 6, 9, 14, 18, for *inter alia* sunglasses and eye glass cases, leather goods, metal key fobs, leather key fobs jewelry, watches, umbrellas | April 13, 2004 |  |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing namely, scarves, belts, gloves , hats, shoes, coats, jackets. | July 9, 2002 |  |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services. | March 16, 2004 |  |
| 4,365,898 | COACH Signature C Design | 9 for Protective covers and cases for cell phones, laptops and portable media players | July 9, 2013 |  |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 |  |
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24, 25 for *inter alia* handbags, purses, wallets, umbrellas, fabrics for the use in manufacturing clothings, shoes and handbags and clothing namely scarves, hats, caps and shoes. | November 8, 2005 |  |

| **Registration No.** | **Mark** | **Classes** | **Date of Registration** | **Image** |
|---|---|---|---|---|
| 3,784,814 | COACH OP ART | 9 for eyeglasses and sunglasses. | May 4, 2010 | |
| 4,365,899 | COACH OP ART | 9 for Protective covers and cases for cell phones, laptops and portable media players | July 9, 2013 | |
| 4,105,636 | COACH OP ART | 14, 18, 25 for Jewelry, watches, wallets, handbags, belts, hats, scarves, shoes, coats, gloves and t-shirts. | February 28, 2012 | |
| 3,696,470 | COACH OP ART & Design | 18, 24 and 25 for *inter alia* handbags, wallets, umbrellas, hats, scarves, belts, coats, shoes and fabrics for the manufacturing of clothing, shoes and handbags. | October 13, 2009 | |
| 4,391,741 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 3 for After-shave; Body lotions; Fragrances; Make-up; Perfumes; Soaps for personal use | August 27, 2013 | COACH LEATHERWARE EST. 1941 |
| 4,296,582 | COACH EST. 1941 NEW YORK | 14,16,18 and 25 for jewelry and watches, handbags, leather credit card cases, purses, shoulder bags, wallets, belts, coats, t-shirts, hats, gloves, shoes, day planners. | February 26, 2013 | COACH EST. 1941 NEW YORK |

| **Registration No.** | **Mark** | **Classes** | **Date of Registration** | **Image** |
|---|---|---|---|---|
| 4,359,191 | COACH EST. 1941 NEW YORK | 9 for Protective covers and cases for cell phones, laptops and portable media players. | June 25, 2013 |   |
| 3,251,315 | COACH EST. 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets, coats and shoes. | June 12, 2007 |   |
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks, purses, wallets, and shoulder bags. | November 11, 2007 |  |
| 3,149,330 | C & LOZENGE LOGO | 14 for watches. | September 26, 2006 |  |
| 2,162,303 | COACH & TAG DESIGN | 25 for belts. | June 2, 1998 |   |
| 4,334,351 | COACH & TAG | 9 for Protective covers and cases for cell phones, laptops and portable media players. | May 14, 2013 |   |
| 3,685,590 | COACH & TAG | 14 for Bracelets; Earrings; Jewelry; Necklaces; Rings being jewelry; Watches | September 22, 2009 |   |

| **Registration No.** | **Mark** | **Classes** | **Date of Registration** | **Image** |
|---|---|---|---|---|
| 2,088,707 | COACH & TAG DESIGN | 18 for briefcases, handbags, satchels, tote bags, duffle bags, cosmetic bags, luggage. | August 19, 1997 |  |
| 3,908,558 | POPPY | 9 for eyeglasses and sunglasses. | January 18, 2011 | POPPY |
| 3,812,170 | POPPY | 18 for *inter alia* backpacks, briefcases, leather key chains, bags, wallets and billfolds. | June 29, 2010 | POPPY |

20. These registrations[1] are valid, subsisting, in full force and effect, and have become incontestable pursuant to 15 U.S.C. § 1065.

21. The registration of the marks constitutes prima facie evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

22. The registration of the marks also provides sufficient notice to Defendants of Coach's ownership and exclusive rights in the Coach Trademarks.

23. The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125 (c)(1).

24. The Coach Trademarks have been continuously used and have never been abandoned.

25. As a result of extensive use and promotion, the Coach Trademarks have acquired a favorable reputation to consumers as an identifier and symbol of Coach and its products, services, and goodwill. Accordingly, Coach is the owner of broad common-law and federal trademark rights in the Coach Trademarks.

[1] All registrations originally held in the name of Coach's predecessors, Sara Lee Corporation and Saramar Corporation, were assigned in full to Coach on or about October 2, 2000.

**The Coach Trade Dress**

26. Coach is the owner of a variety of unique and distinctive trade dresses consisting of a combination of one or more features, including sizes, shapes, colors, designs, fabrics, hardware, hangtags, stitching patterns and other non-functional elements comprising the overall look and feel incorporated into Coach products (the "Coach Trade Dresses").

27. Consumers immediately identify Coach as the single source of high quality products bearing the Coach Trade Dresses.

28. The Coach Trade Dresses associated with Coach products are independent of the functional aspects of Coach products.

29. Coach has employed the Coach Trade Dresses associated with its products exclusively and without interruption, and the Coach Trade Dresses have never been abandoned.

**Defendants' Acts of Infringement and Unfair Competition**

30. Upon information and belief, Defendants are engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks and the Coach Trade Dresses (the "Infringing Products"). Defendants' specific conduct includes, among other things:

31. Defendants traffic in counterfeit Coach handbags at Chung Mei Wholesale in Hialeah, Florida as an enticement to attract potential customers to the business.

32. On June 2, 2015, undercover U.S. Customs and Border Protection Agents ("CBP") observed the purchase of counterfeit goods from the Defendants at Chung Mei Wholesale. Subsequent to the undercover purchase, CBP seized approximately 2,000 units of counterfeit handbags, which are now being stored at a Department of Homeland Security holding facility.

33. On June 23, 2015, an investigator from Coach went to the Department of Homeland Security's holding facility and identified the handbags as being counterfeit Coach merchandise.

34. The purchased and seized items are all counterfeit.

35. Defendants are not, and never have been, authorized retailers of Coach merchandise.

36. Upon information and belief, Defendants Zhi Hua Ye, Lian Xiao Fu and Sheng Biao Huang contributed to these infringing acts by Chung Mei Wholesale to sell and distribute counterfeit Coach products on the premises.

37. Upon information and belief, Defendants Zhi Hua Ye, Lian Xiao Fu and Sheng Biao Huang were aware, or should have been aware, or were willfully blind to these infringing activities. Further, Defendants Zhi Hua Ye, Lian Xiao Fu and Sheng Biao Huang had an obligation and ability to control and stop these infringements, but failed to do so.

38. Indeed, Defendants Zhi Hua Ye, Lian Xiao Fu and Sheng Biao Huang did not want the infringement to stop as, upon information and belief, they received direct financial benefits from the infringement. These acts and failures to act by Defendants Zhi Hua Ye, Lian Xiao Fu and Sheng Biao Huang materially contributed to the infringement.

39. All of the Defendants are well aware of the extraordinary fame and strength of the Coach Brand, the Coach Trademarks, the Coach Marks, and the Coach Trade Dresses, and the incalculable goodwill associated therewith.

40. Defendants have no license, authority, or other permission from Coach to use any of the Coach Trademarks, the Coach Marks, or the Coach Trade Dresses in connection with the

designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Infringing Products.

41. Defendants have been engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Coach's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Coach Marks and Coach products.

42. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Infringing Products and Coach.

43. Upon information and belief, Defendants intend to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Infringing Products, unless otherwise restrained.

44. Coach is suffering irreparable injury, has suffered substantial damages as a result of Defendants' activities, and has no adequate remedy at law.

**COUNT I**
**(Trademark Counterfeiting, 15 U.S.C. § 1114)**

45. Coach repeats and realleges the allegations set forth in paragraphs 1-44 as if fully set forth herein.

46. Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, Coach's Trademarks.

47. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the

trade into believing that Defendants' Infringing Products are genuine or authorized products of Coach.

48. Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

49. Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

50. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

51. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

52. Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT II**
**(Trademark Infringement, 15 U.S.C. § 1114)**

53. Coach repeats and realleges the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

54. Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are confusingly similar to Coach's Trademarks.

55. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

56. Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

57. Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

58. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

59. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

60. Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT III**
**(Trade Dress Infringement, 15 U.S.C. § 1125(a))**

61. Coach repeats and realleges the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

62. The Coach Trade Dresses are used in commerce, are non-functional, inherently distinctive, and have acquired secondary meaning in the marketplace.

63. Upon information and belief, Defendants, without authorization from Coach, have designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, and/or are causing to be designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, products which contain a collection of design elements that is confusingly similar to the Coach Trade Dresses.

64. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and

the trade who recognize and associate the Coach Trade Dresses with Coach. Moreover, Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive consumers, the public, and the trade as to the source of the Infringing Products, or as to a possible affiliation, connection or association between Coach, the Defendants, and the Infringing Products.

65. Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trade Dresses and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

66. Defendants' acts constitute trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

67. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

68. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

69. Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT IV**
**(False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))**

70. Coach repeats and realleges the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

71. Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Infringing Products, together with Defendants' use of other indicia associated with Coach is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products, and is intended, and is likely to cause such parties to believe in error that the Infringing Products have been authorized,

sponsored, approved, endorsed or licensed by Coach, or that Defendants are in some way affiliated with Coach.

72. The foregoing acts of Defendants constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

73. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

74. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

75. Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT V**
**(Trademark Dilution, 15 U.S.C. § 1125(c))**

76. Coach repeats and realleges the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

77. The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

78. The Coach Trademarks are famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

79. Defendants' use of the Infringing Products, without authorization from Coach, is diluting the distinctive quality of the Coach Trademarks and decreasing the capacity of such marks to identify and distinguish Coach products.

80. Defendants have intentionally and willfully diluted the distinctive quality of the famous Coach Trademarks in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

81. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

82. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

83. Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT VI**
**(Trademark Dilution, Fla. Stat. § 495.151)**

84. Coach repeats and realleges the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

85. The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

86. Through prominent, long and continuous use in commerce, including commerce within the State of Florida, the Coach Trademarks have become and continue to be famous and distinctive.

87. Defendants' use of the Infringing Products, without authorization from Coach, is diluting the distinctive quality of the Coach Trademarks and decreasing the capacity of such marks to identify and distinguish Coach products and has caused a likelihood of harm to Coach's business reputation in violation of Fla. Stat. § 495.151.

**COUNT VII**
**(Deceptive and Unfair Trade Practices, Fla. Stat. § 501.201)**

88. Coach repeats and realleges the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

89. Defendants' actions described herein are calculated to deceive and actually do deceive the public into mistakenly believing that Defendants are affiliated, connected or associated with Coach and that Defendants' goods originate with and/or are sponsored or approved by Coach.

90. As such, Defendants have intentionally engaged and continue to engage in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statute § 501.201.

91. As a direct and proximate result of Defendants' unfair, unconscionable and deceptive acts or practices, Coach has suffered and will continue to suffer damages and irreparable injury.

92. Defendants' deceptive acts will cause further irreparable injury to Coach if Defendants are not restrained by this Court from further violation of Coach's rights. Coach has no adequate remedy at law.

93. Defendants Chung Mei Wholesale, Inc., H&F USA LLC, Zhi Hua Ye, Lian Xiao Fu and Sheng Biao Huang are liable for these infringing activities.

**COUNT VIII**
**(Common Law Trademark Infringement)**

94. Coach repeats and realleges the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

95. Coach owns all rights, title, and interest in and to the Coach Trademarks, including all common law rights in such marks.

96. Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are confusingly similar to the Coach Trademarks.

97. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

98. Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

99. Defendants' acts constitute trademark infringement in violation of the common law of the State of Florida.

100. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

101. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

102. Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT IX**
**(Unfair Competition)**

103. Coach repeats and realleges the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

104. Defendants have infringed Coach's logos, marks and trade names, in violation of Coach's proprietary rights. Such acts constitute unfair competition under the common law of the State of Florida.

105. Defendants Chung Mei Wholesale, Inc., H&F USA LLC, Zhi Hua Ye, Lian Xiao Fu and Sheng Biao Huang are liable for these infringing activities.

106. Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

107. As a direct and proximate result of Defendants' infringing activities, Coach has suffered and will continue to suffer irreparable injury and damages. Coach has no adequate remedy at law.

**COUNT X**
**(Unjust Enrichment)**

108. Coach repeats and realleges the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

109. The acts complained of above constitute unjust enrichment of Defendants at Coach's expense, in violation of the common law of the State of Florida.

110. Defendants Chung Mei Wholesale, Inc., H&F USA LLC, Zhi Hua Ye, Lian Xiao Fu and Sheng Biao Huang are liable for these infringing activities.

**COUNT XI**
**(Attorney Fees)**

111. Coach repeats and realleges the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

112. Coach is entitled to an award of attorneys' fees and costs under 15 U.S.C. § 1117(a).

## CONDITIONS PRECEDENT

113. All conditions precedent have been performed or have occurred. (FED. R. CIV. P. 9(c)).

## PRAYER

**WHEREFORE,** Coach respectfully requests that this Court enter judgment against Defendants as follows:

A. Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (ii) Defendants have diluted Coach's Trademarks in violation of Fla. Stat. § 495.151; (iii) Defendants have committed unfair and deceptive acts or practices in violation of Fla. Stat. § 501.201; and (iv) Defendants have engaged in trademark infringement and unfair competition and have been unjustly enriched under Florida law.

B. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

1. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Trademarks and/or the Coach Trade Dresses, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Infringing Products, and engaging in any other activity constituting an infringement of any of Coach's rights in the Coach Trademarks and/or the Coach Trade Dresses;

2. engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Coach; and

3. engaging in any other activity that will cause the distinctiveness of the Coach Trademarks or Coach Trade Dresses to be diluted.

C. Requiring Defendants to recall from any distributors and retailers and to deliver to Coach for destruction or other disposition all remaining inventory of all Infringing Products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

D. Requiring Defendants to file with this Court and serve on Coach within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

E. Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Coach, or is related in any way with Coach and/or its products;

F. Awarding Coach statutory damages of $2,000,000 per counterfeit mark per type of good in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, and at Coach's request, ordering Defendants to account for and pay to Coach all profits realized by their wrongful acts and also awarding Coach its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

G. Awarding Coach those damages to which it is entitled under applicable federal and state laws;

H. Awarding Coach its costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117);

I. Awarding Coach pre-judgment interest on any monetary award made part of the judgment against Defendants; and

J. Awarding Coach such additional and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Coach requests a trial by jury in this matter.

Dated: July 29, 2015

Respectfully submitted,

*/s/ Kelly Anne Luther*
Kelly Anne Luther (FBN 870780)
KLuther@Kasowitz.com
Giselle Gonzalez Manseur (FBN 44026)
GManseur@Kasowitz.com
Kasowitz, Benson, Torres & Friedman LLP
1441 Brickell Avenue, Suite 1420
Miami, Florida 33131
Phone: (786) 587-1045
Fax: (305) 675-2218

Aaron H. Marks (Pending *Pro Hac Vice*)
AMarks@kasowitz.com
Abraham Lichy (Pending *Pro Hac Vice*)
ALichy@kasowitz.com
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
Phone: (212) 506-1700
Fax: (212) 506-1800

*Counsel for Plaintiffs*